Dear Mayor LeJeune:
You have asked for an opinion as to whether the city of Eunice is in violation of the antitrust laws of the state by granting a sole franchise for electric service to CLECO. Louisiana's antitrust provisions are closely modeled after the federal Sherman Act, and hold that:[1]
 No person shall monopolize, or attempt to monopolize, or combine, or conspire with any other person to monopolize any part of trade or commerce within the state
In order to properly address your question, we must first determine if the antitrust laws apply to governmental entities. The question of the applicability of antitrust laws to state entities was first addressed by the Supreme Court of the United States in 1943 in the case of Parker v. Brown. At issue was the authority of the state to regulate the interstate marketing of a raisin crop by limiting the distribution of the product. The court looked to the provisions of the Sherman Act and ruled that the state was not in violation of the Sherman Antitrust Act because it had not conspired or contracted with another to limit distribution. Further, the Sherman Act was not intended to restrain a state or its officers or agents from activities directed by the state legislature and the regulation of agriculture was a legislative prerogative.[2]
Subsequently, the United States Supreme Court elaborated on its ruling in Parker. At issue before the high court in City ofLafayette, Louisiana v. Louisiana Power LightCompany. (LPL)[3] was whether or not the state, and its subdivisions, enjoyed state action immunity from the antitrust laws simply because of their status. The City of Lafayette owned and operated its own electric utility system that competed for customers with the private investor company, Louisiana Power and Light Co. The City sued LPL claiming they were engaging in antitrust violations. LPL countersued *Page 2 
whereby the City of Lafayette raised the defense that they were immune from federal antitrust actions.
The Supreme Court's held that the "antitrust laws impose liability on and create a cause of action for damages for a `person'," and that the definition of "person" embraces both cities and States. Referencing its decision in Parker, the court held that governmental agencies, whether state or subdivisions of a State, are not exempt from the antitrust laws simply by reason of their status. Rather, the exemption only applies when the "conduct engaged in as an act of government by the state as a sovereign, or, by its subdivisions, pursuant to state policy to displace competition with regulation or monopoly public service".[4]
Then in 1990 our own Louisiana First Circuit Court of Appeals followed the decision in City of Lafayette, holding that a municipality was not immune from an antitrust claim when it issued an exclusive towing contract to a single wrecker company. In Respond v. City of Denham Springs, the owner of Ace Wrecker and Towing challenged the exclusivity of the contract, arguing that the city was not acting pursuant to a state statute or regulation in granting the contract and, was therefore, in violation of the Louisiana antitrust laws. LSA-R.S.51:122 reads: "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce in the state is illegal". LSA-R.S. 51:123 states: "No person shall monopolize any part of the trade or commerce within the state". The court concluded that the state and its subdivisions are not immune from the antitrust laws simply because of their status. The terms "every contract" and "any person" in the antitrust statutes includes municipalities, thereby subjecting them to antitrust laws.
Also relevant to your inquiry are the Louisiana statutory provisions that govern the granting of electric franchises by a municipality. LSA-R.S. 33:4401 reads, in part:
 The governing authority of all municipalities may grant a franchise to any person to use and occupy the streets, alleys, and public places therein, and to obstruct the same or any part thereof, by constructing, maintaining, and operating (1) poles, wires, and appurtenances for telephone, telegraph, and electric transmission and distribution systems . . . These franchises shall not be exclusive.
(Emphasis added)
There are some exceptions to the above laws and jurisprudence. As stated earlier, a state and its subdivisions enjoy immune from the antitrust laws when acting pursuant to a legislative authority to regulate an industry. The Public Service Commission is given the authority to regulate the service of electricity to consumers who are being served by an existing electric provider within three hundred feet of their home. LSA-R.S.45:123A(1) provides: *Page 3 
 No electric public utility shall construct or extend its facilities or furnish or offer to furnish electric service to a point of connection which at the time of the proposed construction, extension, or service is being served by, or which is not being served but is located within three hundred feet of an electric line of another electric public utility, except with the consent in writing of the other utility.
The statute also allows for a consumer who is dissatisfied with the service provided within the "three hundred foot" rule to apply to the Public Service Commission for release.
Prior to the Supreme Court's ruling in City of Lafayette,
Louisiana Power and Light Co. (LPL) filed an action challenging the then rule promulgated by the Louisiana Public Service Commission prohibiting the duplication of electric service facilities. LPL claimed that the rule was a violation of the antitrust laws but the court held the Louisiana Public Service Commission, as a state entity, was immune from the antitrust provisions because they were performing a "legislative function".[5]
It is evident that the City of Eunice would only enjoy immunity from the antitrust laws if it is acting pursuant to a state regulatory function when it grants franchises for providing electric power to its citizens. Although the City of Eunice is not a competitor of SLEMCO, the courts have consistently held that the federal and state antitrust laws were intended to be sweeping in breadth so that any conspiracy, contract or combination that restrains is a violation.[6]
 Conclusion
We conclude that the City of Eunice is not immune from the state and federal antitrust laws unless it is performing a legislative function in granting service franchises to electric companies. Whether it has conspired to create a monopoly by granting a sole franchise to CLECO is a factual determination that is best made by a court.
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: ___________________________ Isabel Wingerter Assistant Attorney General
[1] LSA-R.S.51:122, 123.
[2] Parker v. Brown, 317 U.S. 341, 63 S.Ct. 307, 313 (1943).
[3] 435 U.S. 389, 98 S.Ct. 1123, 1127 (1978).
[4] Id. 1137.
[5] Louisiana Power Light Company v. Louisiana PublicService Commission, 343 So.2d 1040 (1977).
[6] Louisiana Power and Light Co. v. United Gas Pipe Line,493 So.2d 1149 (La 1986) and Plaquemine Marine, Inc. v. MercuryMarine, 895 So.2d 110 (La.App. 1st Cir. 2003).